**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1489

INTERNATIONAL HOUSE OF PANCAKES, INC.,

Plaintiff - Appellee,

versus

JIMMIE MCNEAL,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (1:04-cv-01480-JFM)

Submitted: February 9, 2007          Decided:  March 2, 2007

Before WILLIAMS and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jimmie McNeal, Appellant Pro Se. John M. G. Murphy, OBER, KALER, GRIMES & SHRIVER, PC, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmie McNeal appeals from the district court's order granting summary judgment to International House of Pancakes, Inc. ("IHOP") on its breach of contract and trademark infringement claims and awarding compensatory damages. Finding no reversible error, we affirm the district court's order.

On October 17, 1998, IHOP and McNeal entered into a Franchise Agreement, a Sublease, and an Equipment Lease (the "Franchise Documents"), which authorized McNeal to operate an IHOP restaurant in Salisbury, Maryland. McNeal promised to pay IHOP certain fees, including advertising fees, rent for IHOP's real property, and equipment rent for its personal property. He also agreed to keep and maintain at least thirty-six months of sales records. Under the Franchise Documents, IHOP was permitted to conduct routine audits. In late 2003, such an audit revealed that McNeal had been underreporting his income (and thereby underpaying IHOP) and had failed to keep thirty-six months of sales records as required by the Franchise Documents. As a result of McNeal's breach of the Franchise Documents, IHOP terminated McNeal's franchise under the terms of the Franchise Agreement and demanded he relinquish IHOP's real and personal property and that he cease and desist from operating the restaurant as IHOP and using IHOP's intellectual property.

IHOP filed suit and moved for a preliminary injunction to prevent McNeal from continuing to use its trademarks and other intellectual property. The district court granted IHOP's motion for preliminary injunction and later ordered McNeal to show cause why he should not be held in contempt when he had violated the injunction. After McNeal failed to respond, the court entered a contempt order and arrest warrant for McNeal. The court rescinded this order, however, after IHOP successfully obtained possession of the restaurant and all of its intellectual property.

IHOP moved for summary judgment on the remaining issues that McNeal owed IHOP nearly $400,000 in pre-termination fees, more than $500,000 in past-termination fees, and damages for McNeal's continued use of IHOP's intellectual property after the franchise was terminated. IHOP also sought attorney's fees, prejudgment interest, and treble damages under the Lanham Act for the trademark infringement. McNeal responded, making conclusory statements that he had not defaulted under the Franchise Agreement and attaching an affidavit from his accountant, which stated McNeal was not in default and IHOP's audit figures were incorrect. The affidavit did not, however, address McNeal's failure to keep thirty-six months of sales records as required by the Franchise Documents.

In a letter order, the district court granted summary judgment to IHOP, finding that even if McNeal did not default by underpaying IHOP, his failure to keep thirty-six months of sales

records as required by the Franchise Documents provided a sufficient independent ground for IHOP's termination of the Franchise Agreement. The court awarded IHOP $915,432.82 in contract damages and $75,000 for compensatory damages under the Lanham Act.

This court reviews a district court's grant of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court construes the evidence and draws all reasonable inferences in the light most favorable to the non-movant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A mere scintilla of proof, however, will not suffice to prevent summary judgment; the question is "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party" resisting summary judgment. Id. at 251 (internal quotation marks omitted).

On appeal, McNeal alleges that his accountant calculated the correct sales totals, that IHOP's calculations were erroneous, and that he therefore did not default on the Franchise Agreement.

In addition, McNeal claims IHOP falsified records and made fraudulent statements concerning the default. McNeal does not challenge the amount of compensatory damages granted to IHOP.

While McNeal produced an affidavit from his accountant purporting to show that his calculations were correct and IHOP's were incorrect, he has failed to refute IHOP's alternate and adequate reason for the default--that McNeal failed to keep business records for thirty-six months as required under the Franchise Documents. Thus, even if McNeal established IHOP's audit was incorrect, because he has not established that he maintained thirty-six months of sales documents, IHOP still had a basis for determining McNeal defaulted under the Franchise Documents. We therefore find the district court properly granted summary judgment to IHOP. We decline to consider McNeal's allegations that IHOP falsified records and made false statements to the court, because these claims are raised for the first time on appeal. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).

For the foregoing reasons, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED